FILED
U.S. DISTRICT COURT
2007 JUN -6 A 11: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JACK C. OTTO,

    Petitioner,

vs.

JOSE M. VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV207-021

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jack Otto ("Otto"), who was formerly incarcerated at the Federal Correctional Facility in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a response. For the reasons which follow, Otto's petition should be **DENIED**.

## STATEMENT OF THE CASE

Otto was sentenced in the Northern District of Georgia on September 3, 1982, to a term of imprisonment of 15 years and a three (3) year special parole term. Otto was released on April 2, 1992, and was to remain under supervision until the full term date of his sentence, less 180 days, on January 19, 1998. Otto's special parole term was to begin on January 19, 1998, with a full term date of January 18, 2001. (Resp't's Ex. C.) However, on September 25, 1996, Otto's mandatory release was revoked due to his failure to abide by the conditions of his supervision. Otto served 12 months and was paroled on April 25, 1997, with a full term date of August 8, 2002. His special parole

term was to begin on that date, with a full term date of August 7, 2005. (Resp't's Exs. D-E.) Otto's parole was revoked on September 12, 2001, and he was mandatorily released on November 14, 2001. Otto was to remain under supervision until the full term date of his sentence, less 180 days, on February 9, 2002. (Resp't's Ex. H.)

Otto's special parole term began on February 9, 2002. The United States Parole Commission ("Commission") issued a warrant on July 22, 2002, and Otto was arrested on February 7, 2003. Otto accepted an expedited revocation proposal on May 1, 2003; the Commission revoked Otto's special parole, ordered that none of the time spent on special parole be credited, and that Otto be continued to a presumptive parole after the service of 14 months. (Resp't's Ex. L.) Otto was paroled on April 7, 2004, with a full term date of February 6, 2006. Otto's probation officer notified the Commission on February 18, 2005, that Otto was arrested and charged with possession of crack cocaine and possession and/or use of narcotic equipment. Otto was convicted in a Florida court on June 20, 2005, and was sentenced to 22 months' imprisonment. (Resp't's Ex. N.) The Commission issued a warrant on March 3, 2005, which was executed on August 25, 2006. On December 13, 2006, the Commission revoked Otto's special parole term, forfeited the time spent on special parole, and continued Otto to a parole effective date of February 10, 2007, after the service of 24 months.[1] Otto was re-paroled on February 10, 2007, with a full term date of June 24, 2008. (Resp't's' Br., p. 3.)

In the instant petition, Otto asserts the Commission misinterpreted the terms and condition of his special parole term. Otto alleges, as a result of this misinterpretation,

---

[1] The Commission credited Otto with 18 months of service. (Resp't's Ex. V.)

AO 72A
(Rev. 8/82)

2

he will serve a special parole term of 37.5 months rather than the 36 months he was originally sentenced to serve. Otto raises as "an ancillary matter" that the Commission did not conduct a revocation hearing within 90 days of its letter dated February 27, 2006.[2] (Mem., p. 7.) Respondent contends Otto is not entitled to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Special Parole Term**

"Special parole[3] is a statutory creation that was used in sentencing up until the late 1980s. Unlike regular (or traditional) parole, whereby the Parole Commission releases an individual into the community before the end of his term of imprisonment, special parole was imposed by the district court at sentencing and followed the term of imprisonment." Manso v. Federal Detention Center, Miami, 182 F.3d 814, 816 (11th Cir. 1999). Special parole was eventually replaced by supervised release, a similar mechanism that is administered by the courts. Id. Special parole was created by 21 U.S.C. § 841(c), which states:

> A special parole term imposed under this section . . . may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.

---

[2] Otto also mentions that he has set forth facts sufficient to show a violation of his constitutional rights. Should Otto wish to pursue these claims, he may do so by filing the appropriate cause of action.

[3] "Three things are 'special' about special parole: first, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed, and its length selected, by the district judge rather than by the Parole Commission; third, when special parole is revoked, its full length becomes a term of imprisonment. In other words, 'street time' does not count toward completion of special parole." Manso, 182 F.3d at 816 (quoting Evans v. United States Parole Comm'n, 78 F.3d 262, 263 (7th Cir. 1996)).

The Commission has interpreted § 841 as follows:

> Should a parolee be found to have violated conditions of release during supervision under his regular sentence, i.e., before commencement of the Special Parole Term, he may be returned as a violator under his regular sentence; the Special Parole Term will follow unaffected, . . . Should a parolee violate conditions of release during the Special Parole Term he will be subject to revocation on the Special Parole Term as provided in § 2.52, and subject to reparole or mandatory release under the Special Parole Term. Notwithstanding the provisions of § 2.52(c), a special parole term violator whose parole is revoked shall receive no credit for time spent on parole pursuant to 21 U.S.C. 841(c).

28 C.F.R. § 2.57(c). This interpretation has been received favorably by the United States Supreme Court. See Johnson v. United States, 529 U.S. 694, 712 n.11, 120 S. Ct. 1795, 1807, 146 L. Ed. 2d 727 (2000).

Otto's special parole term of thirty six (36) months commenced on February 9, 2002, and the Commission issued a warrant against Otto on July 22, 2002. Otto was arrested as a result of this warrant on February 7, 2003, and served fourteen (14) months in prison. Otto was paroled again on April 7, 2004. This left a balance of twenty two (22) months for Otto to serve on his special parole term because he was not credited with the time he had spent on his special parole term prior to this arrest and jail term. Otto was arrested by state authorities and was sentenced to serve 22 months' imprisonment on June 20, 2005; upon learning of Otto's arrest, the Commission issued a warrant against him. The Commission's warrant was executed on August 25, 2006, the date he was taken into federal custody. Otto was released from federal custody on February 10, 2007, after he served five and one half months in federal prison. Thus, the balance of Otto's special parole term is sixteen and one half months. He is to remain on parole until June 24, 2008. The Commission has not misinterpreted the terms and

conditions of Otto's parole. Provided Otto does not violate the conditions of his parole prior to June 24, 2008, he will have served 36 months of his 36 month special parole term.

## II. Revocation Hearing

Otto seemingly contends the Commission violated his rights by not conducting a revocation hearing within 90 days of its letter. However, absent a showing of harm by a petitioner, he cannot assert a claim for habeas relief based on his claim that his revocation hearing was not conducted within 90 days. See United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991); Goodman v. Keohane, 663 F.2d 1044, 1046 (11th Cir. 1981) (noting courts, in situations in which a petitioner contends an unreasonable delay in conducting a hearing occurred, must inquire first whether the delay was unreasonable and second whether it was prejudicial to petitioner).

Otto's contentions in this regard are undermined by his agreement to waive the in-person hearing. (Resp't Ex. U.) Thus, Otto has not shown he suffered any prejudice due to the Commission's delay in conducting a revocation hearing.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Otto's petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE